UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THEODORA BRYANT, MARY L. WALKER,
EARNEST JACK WELCH and BARBARA JEAN
SLOCUM, individually and on behalf of all others
similarly situated,

        Plaintiffs,                        CASE NO. 4:99CV317-RH

vs.

LAW OFFICES OF DAVID J STERN, P.A.,
and DAVID J. STERN, individually

        Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIFTH REQUEST FOR
PRODUCTION DATED DECEMBER 3, 1999**

Pursuant to Federal Rule of Civil Procedure 34, Defendants, LAW OFFICES OF DAVID J. STERN, P.A. and DAVID J. STERN, individually ("Stern"), respond to Plaintiffs' Fifth Request for Production dated December 3, 1999, as follows:

**Documents Requested**

**REQUEST: 1.** **Provide all documents relating to attorneys' fee guidelines, standards or otherwise utilized by Defendants from 1994 until the present which pertain to requests for payment of attorneys' fees in reinstatement letters. This request includes but is not limited to attorneys' fee guidelines testified to by Lisa Smith in her deposition taken November 29, 1999.**

**RESPONSE:** Defendants object to this request to the extent Plaintiffs seek documents relating to "attorneys' fee guidelines, standards or otherwise" relating to loans other than those given by lenders that had a relationship with the Plaintiffs. As drafted, this request could cover every engagement agreement with every client the Law Firm has ever had, which is not reasonably calculated to lead

FTL:646182:2

71

to the discovery admissible evidence. Defendants further object to this request as vague by virtue of its use of the word "otherwise", and to the extent Plaintiffs seek documents that are protected by the attorney-client and work product privileges. Without waiving these objections, Defendants will produce for inspection non-privileged documents responsive to this request to the extent they exist and have not previously been produced, subject to the Joint Motion and Stipulation for Protective Order currently being drafted by the parties.

**REQUEST: 2.** **All documents which relate or pertain to a policy and procedure manual for foreclosure including memoranda, notes and other written communications relating to this item from the date of inception through the present. This request includes but is not limited to the foreclosure manual referred to by Cheryl Sammons in her deposition taken November 29, 1999.**

**RESPONSE:** The extent this request seeks the Defendants' foreclosure manual identified by Cheryl Sammons in her deposition, Defendants object to the production of this internal foreclosure manual as the same is a trade secret under Florida law, and not subject to discovery. To the extent Plaintiffs seek documents that to do not relate to policies and procedures relative to Fannie Mae loans, which are subject to Fannie Mae's guidelines, and in which the lenders were the same as the Plaintiffs', this request is not reasonably calculated to lead to discovery of admissible evidence. Without waiving this objection, Defendants will produce for inspection non-privileged documents responsive to this request to the extent they exist and have not previously been produced, subject to the Joint Motion and Stipulation for Protective Order currently being drafted by the parties.

**REQUEST: 3.** **All documents which relate or pertain to a policy and procedure manual for the performance of title searches and examinations maintained or utilized by Defendants from 1994 through the present. This includes but is not limited to manuals, policies and procedures for title searches and examinations referred to by Cheryl Sammons during her deposition taken November 29, 1999.**

FTL:646182:2

**RESPONSE:** To the extent this request seeks production of the Attorneys Title Insurance Fund Manual, this manual was made available for inspection at the offices of the Defendants during the deposition of Susan Pence November 29, 1999, and remains available for inspection at the offices of the Defendants. To the extent this request seeks Defendants to copy and produce the Fund manual, which is provided by the Fund to its authorized agents, the manual is copyright protected and cannot be reproduced to third parties. To the extent this request seeks the production of the "Sam Notes" which were identified in Cheryl Sammons' deposition taken November 29, 1999, Defendants object to the production of these documents, as these documents constitute a trade secret not subject to discovery. Furthermore, the "Sam Notes" do not concern any of the issues that are raised by Plaintiffs' Second Amended Complaint or Defendants' Amended Affirmative Defenses and, therefore, this request is not reasonably calculated to the lead to the discovery of admissible evidence. Without waiving these objections, Defendants state that there are no other documents believed to be responsive to this request.

**REQUEST: 4.** **All documents relating or pertaining to any billing memorandum or standard pertaining to the following subjects:**

    **a.** **Charge for "gap search" or title update performed by the Defendants;**

    **b.** **Title search performed by Defendants;**

    **c.** **Title examination performed by Defendants.**

**This request includes but is not limited to all billing memoranda referred to during the deposition of Cheryl Sammons taken November 29, 1999.**

**RESPONSE:** Defendants object to this request as not calculated to the lead to the discovery of admissible evidence to the extent is seeks memorandum concerning billing relative to clients other than Fannie Mae or lenders/servicers that had relationships with the Plaintiffs. To the extent this

request may cover the Defendants' internal foreclosure manual, Defendants object to producing this manual, as it constitutes a trade secret not subject to discovery. Without waiving these objections, Defendants will produce for inspection non-privileged documents responsive to this request to the extent they exist and have not previously been produced, subject to the Joint Motion and Stipulation for Protective Order currently being drafted by the parties.

**REQUEST: 5.**   **A computer-generated printout or related computer data base which provides or in which information is whole or in part can be generated regarding the following subjects from the period January 1, 1994 (or when first available) through December 31, 1998:**

    **a.**   **File number;**

    **b.**   **Type of file (foreclosure, bankruptcy, etc.)**

    **c.**   **Identification as to whether resolved by reinstatement, payoff, sale or otherwise;**

    **d.**   **Name and address of borrower subject to foreclosure;**

    **e.**   **Name and address of the lender or servicer.**

**This request includes and refers to computer-generated reports available to the Defendants as referred to by Cheryl Sammons at her deposition taken November 29, 1999.**

**RESPONSE:** Defendants' object to this request to the extent it requests Defendant to generate a printout describing the information described in paragraphs (a) through (e), for each and every foreclosure file since the Law Firm began doing business in 1994, which number in the thousands. Essentially, Plaintiffs seek Defendants to create at their expense a program that would print Defendants entire database of foreclosure files since the Law Firm's inception, which is an unduly burdensome request. Furthermore, Defendants do not maintain such a printout for the period requested in the ordinary course of business, and Defendants have no obligation under the Federal Rules to create documents that are not maintained in the ordinary course of business to comply with

FTL:646182:2

discovery requests. Additionally, the contents of Defendants' database constitutes a trade secret not subject to discovery.

To the extent this request seeks information concerning non-foreclosure files, this aspect of the request is not reasonably calculated to lead to the discovery of admissible evidence. To the extent this request covers Defendants' monthly client activity reports, as identified by Cheryl Sammons in her deposition, Defendants object to producing these documents pursuant to the attorney client and work product privileges, and that these documents are not reasonably calculated to lead to the discovery of admissible evidence.

To the extent this request seeks a printout of borrowers that did not obtain a Fannie Mae loan, this request is not reasonably calculated to lead to the discovery of admissible evidence since all of the alleged class representatives had Fannie Mae loans.

Furthermore, providing the printout or client activity reports requested would amount to "a list of consumers who allegedly refuse to pay debts," which is prohibited by Section 1692d(3) of the FDCPA. Without waiving these objections, Defendants state that they will disclose the number of foreclosures prosecuted pursuant to Fannie Mae's designated counsel program involving the same lenders as Plaintiffs for the specified, as well as a breakdown of whether the cases were resolved by a sale, settled by payoff of the total loan balance, or settled by reinstatement, as soon as that information has been compiled.

**REQUEST: 6.** **To the extent not already requested (and produced) all documents including memoranda, correspondence or otherwise relating or referring to agreements with clients (i.e., lenders, servicers, Fannie Mae, GNMA or otherwise) which pertain to the attempt to collect or collection of attorneys' fees for the following:**

    **a.**     **Foreclosure reinstatement;**

    **b.**     **Foreclosure payoff requests;**

        c.      **Other circumstances involving attempt to collect or collection from borrower.**

**RESPONSE:** Defendants object to this request to the extent it seeks the production of documents that do not relate to Fannie Mae or lenders other than those who made loans to the Plaintiffs. Such a request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence, and seeks production of documents protected by the attorney-client and work product privileges. This request is also unduly burdensome as drafted, because Defendants would have to review each and every foreclosure file it has prosecuted since the Law Firm began doing business, which number in the thousands, to determine what documents are responsive to this request and what documents are protected by the attorney client and work product privileges. Without waiving these objections, Defendants have already produced for inspection those documents that describe the terms of engagement between the Law Firm and the those lenders who foreclosed their mortgages against the Plaintiffs, except Countrywide who has asserted the attorney client privilege, as well as Defendants' engagement agreement with Fannie Mae.

**REQUEST: 7.**     **All "guidelines," correspondence or other documents relied upon by Defendants in charging or collecting for "amounts reimbursable." This request specifically seeks all information relied upon by Defendants during the period January 1, 1994 through December 31, 1998 in attempting to collect or collecting as "costs" amounts for:**

        a.      **Title searches;**

        b.      **Title examination;**

        c.      **Gap search or title update;**

        d.      **Costs of copies, facsimiles, Federal Express and related items.**

**RESPONSE:** Defendants object to this request as overbroad, unduly burdensome, not reasonably calculated to the lead to the discovery of admissible evidence, and objects to the extent it requests

documents protected by the attorney-client and work product privileges. As drafted, Defendants would have to review each and every foreclosure file to determine what documents are responsive to this request, and what documents are protected by the attorney-client and work product privileges. To the extent this request may cover the Defendants' internal foreclosure manual, Defendants object to this aspect of the request as said manual is a trade secret not subject to discovery. To the extent this request seeks the production of documents that do not relate to Fannie Mae or lenders other than those who made loans to the Plaintiffs, such a request is overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants will produce for inspection non-privileged documents responsive to this request to the extent they exist and have not previously been produced, subject to the Joint Motion and Stipulation for Protective Order currently being drafted by the parties.

**REQUEST: 8.** **All documents including memoranda, guidelines or otherwise which relate or refer to attempts to collect or collection of amount for postage, copies, Federal Express. This request includes but is not limited to the $60 amount included in reinstatement letters as referred to during the deposition of Lisa Smith taken November 30, 1999.**

**RESPONSE:** Defendants object to this request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and because it seeks production of documents protected by the attorney client and work product privileges. As drafted, Defendants would have to review each and every foreclosure file for the four (4) year period to determine what documents are responsive to this request, and what documents are protected by the attorney-client and work product privileges, which is unduly burdensome. Furthermore, because this request is not limited to the lenders relative to Slocum and Welch, this request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants will produce for inspection non-privileged documents responsive to this request to the

FTL:646182:2

extent they exist and have not previously been produced, subject to the Joint Motion and Stipulation for Protective Order currently being drafted by the parties.

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished, by prepaid United States Mail and facsimile transmission, to all on the attached Service List, this 7th day of January, 2000.

Respectfully submitted,

W. Wyndham Geyer, Jr.
Florida Bar #330418
Steven R. Braten
Florida Bar #018074
RUDEN, McCLOSKY, SMITH,
SCHUSTER & RUSSELL, P.A.
Co-Counsel for Defendants
Post Office Box 1900
Fort Lauderdale, Florida 33302
(954)764-6660; Miami (305)789-2700
Fax: (954)764-4996

FTL:646182:2

## SERVICE LIST

Claude R. Walker, Esq.
Thomas J. Guilday, Esq.
HUEY, GUILDAY & TUCKER, P.A.
P.O. Box 1794
Tallahassee, Florida 32302

Kelly Overstreet Johnson, Esq.
BROAD AND CASSEL
P.O. Drawer 11300
Tallahassee, Florida 32302

David M. Schultz, Esq.
HINSHAW & CULBERTSON
222 North La Salle Street, Suite 300
Chicago, Illinois 60601-1081

Scott Frick, Esq.
HINSHAW & CULBERTSON
First Union Center, Suite 830
100 South Ashley Drive
Tampa, Florida 33601

FTL:646182:2