UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THEODORA BRYANT, MARY L.
WALKER, EARNEST JACK WELCH,
and BARBARA JEAN SLOCUM,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

vs.

LAW OFFICES OF DAVID J.
STERN, P.A., and DAVID J. STERN,
individually

        Defendants.

CASE NO. 4:99CV317-RH
CLASS REPRESENTATION

---

## AFFIDAVIT OF WILLIAM H. GARVIN III

STATE OF FLORIDA
COUNTY OF LEON

    BEFORE ME, the undersigned officer authorized to administer oaths, appeared

William H. Garvin III, who upon being sworn, deposes and says:

    1.    My name is William H. Garvin III. I am over 18 years of age and am

competent to give this affidavit. I have represented plaintiffs in several successful nationwide

class actions. I was co-lead counsel in <u>Louisiana-Pacific Inner Seal Siding Litigation</u> No.

95-879-JE-LEAD(Dist. OR), <u>Bruns v. Humana</u> No. 2-95CV144 (E.D. TX), <u>Laborers District

Council v. Damon Clinical Laboratories, Inc.</u> No.CV-97-C-629-W (N.D. ALA). I have also

241

FILED IN OPEN COURT THIS

9-28-00

CLERK, U. S. DISTRICT
COURT, NORTH. DIST. FLA

been class counsel in statewide class actions <u>Howard Padgett v. Americrown Service Corporation</u> No. CV-96-345 (ALA), <u>Exterior Insulation Finish Systems</u> MDL-1132 (E.D. NC).

2.      I am currently co-lead counsel in <u>SmithKline Laboratory Test Billing Practices Litigation</u> No. MDL-1210 (nationwide class action), <u>Laborers District Council v. Labcorp Clinical Laboratories, Inc.</u> No. CV-97-C-629-W (N.D. AL) (nationwide class action), <u>Nancie Williams v. Weyerhaeuser</u> No. 995787 (CAL) (nationwide class action), <u>Foster v. ABTco. Inc., et al.</u> No. 96-0069-AH-M (S.D. AL) (nationwide class action) which have been resolved and are awaiting final approval.

3.      I am currently co-lead or class counsel in several cases now in litigation <u>James Peters, et al. v. Amoco Oil Co., et al.</u> No. 96-D-940-N (M.D. AL), <u>Columbia/HCA Healthcare Corporation Billing Practices Litigation</u> MDL-1227, <u>Carpenters & Millwrights v. Eckerd Corporation</u> No. 5-98CV149 (M.D. FLA), <u>Carpenters & Millwrights v. Wallgreen</u> No. H-00-1301 (E.D. TEX), <u>Carpenters & Millwrights v. Rite Aid</u> No. 5:99 CV 260 (E.D. TEX), <u>Polypropylene Carpet Antitrust Litigation</u> No. MDL-1075 (N.D. GA).

4.      I am also an Adjunct Professor of Law at Florida State University College of Law in the area of complex civil litigation.  A complete list of my complex litigation experience is attache as Exhibit A to this Affidavit.

5.      I have reviewed the following materials relating to this case:  Index to Pleadings File; Index to Discovery File/Index to Notice; Index of Depositions Taken; Stern Defendants' Motion for Summary Judgment (January 4, 2000); Plaintiffs' Memorandum of

Law in Response to Defendants' Motion for Summary Judgment (February 4, 2000); Second

Amended Complaint and Demand for Jury Trial (September 1999); Plaintiffs' Motion for

Conditional Approval of Settlement and for Certification of a Settlement Class (March 29,

2000); Amended Order of Conditional Approval with Respect to Certification of Settlement

Class, Stipulation of Settlement, Notice and Settlement Hearing (April 3, 2000): Stipulation

of Settlement (March 30, 2000); Joint Report as to Settlement of Injunctive Relief Claim and

Request for Cancellation of Trial and Suspension of Scheduling Order (August 7, 2000);

Settlement Stipulation as to Injunctive Relief (Draft); Plaintiffs' Counsel's Summary of Time

Records of Broad and Cassell; Plaintiffs' Counsel' Summary of Time Records of Huey,

Guilday & Tucker, P.A.; Objection to Class Action Settlement and Intervention (August 1,

2000).

        6.      I have also reviewed the injunctive relief claim and settlement.  The settlement

provides that Plaintiffs' counsel is to be paid a reasonable fee from the additional

consideration paid by the Defendants.  It is my understanding that Plaintiffs will seek a fee

based upon their standard hourly rates ranging from $175-$190 per hour for the time

expended.  Based upon summaries provided, this would result in fees in excess of $40,000.00.

It is my understanding that Plaintiffs' counsel do not intend to seek attorneys' fees related to

the injunctive relief claim which exceed $40,000.00.  Such a fee would be reasonable based

upon the effort expended and the result achieved.

7.    I understand that class counsel seek an award of fees and expenses an amount equal to 30% of the $2,100,000.00 fund established by the Settlement Agreement. I believe that a fee of $630,000.00 to class counsel in this litigation is reasonable.

8.    In arriving at this conclusion, I have applied the factors and criteria outlined in *Camden One Condominium Association v. Dunkle,* 946 F.2d 768 (11th Cir. 1991), and *Johnson v. Georgia Highway Express Inc.,* 488 F.2d 714 (5th Cir. 1974).

9.    Based upon my assessment of the materials I have reviewed relating to this case, as well as the relevant, applicable case law, and the outstanding result achieved on behalf of the class by class counsel, I believe that the fees requested by Plaintiffs' class counsel are both reasonable and fair.

Further, Affiant saith not.

Before me, the undersigned authority, personally appeared William H. Garvin III, who was sworn and says that the foregoing affidavit is true.

_____
William H. Garvin III

Sworn to and subscribed before me on this 25th day of September, 2000, by William H. Garvin III.

_____
(signature of notary)

_____
(typed, printed or stamped name)
Notary Public
Commission No.:
My Commission Expires:

Cynthia B. Johnson
MY COMMISSION # CD655405 EXPIRES
July 27, 2001
BONDED THRU TROY FAIN INSURANCE, INC

Personally Known _____ OR Produced Identification __✓_____
Type of Identification Produced ___Fla. DL_____

## COMPLEX LITIGATION EXPERIENCE OF
## WILLIAM H. GARVIN III

LEAD ATTORNEY:  IN RE: CONSENT DECREE UNITED AGRI PRODUCTS Case No. 94-3080, involved prosecution of a horizontal/vertical price fixing case in the agricultural chemicals market.  (Unless otherwise indicated, case numbers refer to the Second Judicial Circuit, Florida).

LEAD ATTORNEY: IN RE: CONSENT DECREE HELENA CHEMICAL COMPANY. Case No. 93-2125, involved prosecution of a horizontal/vertical price fixing conspiracy in the agricultural chemicals market.

LEAD ATTORNEY: IN RE: STATE OF FLORIDA V. TERRA INTERNATIONAL, INC. Case No. 94-459, litigation which involved hybrid horizontal and vertical price fixing agreements in the sale of agricultural chemicals.

LEAD ATTORNEY: IN RE: CONSENT DECREE ISK BIOTECH CORPORATION, Case No. 94-442, a vertical price fixing case which centered on illegal use of agency agreements as a form of resale price maintenance.

LEAD ATTORNEY: IN RE: CONSENT DECREE ICI AGRICULTURAL PRODUCTS, Case No. 94-23; an antitrust conspiracy case which involved horizontal and vertical price fixing agreements.

LEAD ATTORNEY: IN RE: CONSENT DECREE VALENT USA CORPORATION, Case No. 93-1004, involved prosecution of a resale price maintenance case.

LEAD ATTORNEY: IN RE: CONSENT DECREE FMC CORPORATION, Case No. 93-1954, involved prosecution of a resale price maintenance case.

LEAD ATTORNEY: IN RE: CONSENT DECREE VIGORO INDUSTRIES, INC. (NON FILED ORDER), involved prosecution of a resale price maintenance case.

LEAD ATTORNEY: IN RE: CONSENT DECREE MILES, INC., Case No. 93-9331, involved the prosecution of a case alleging a horizontal price fixing arrangement between competitors marketing copper fungicides.

LEAD ATTORNEY:  IN RE: CONSENT DECREE MICRO FLO COMPANY, Case No. 93-3541, involved the prosecution of a case alleging a horizontal price fixing arrangement between competitors marketing copper fungicides.

LEAD ATTORNEY: IN RE: CONSENT DECREE GRIFFIN CORPORATION, Case No. 93-1391, involved the prosecution of a case alleging a horizontal price fixing arrangement between competitors marketing copper fungicides.

LEAD ATTORNEY: IN RE: STATE OF FLORIDA V. JOHNSON AND JOHNSON VISION PRODUCTS et al, currently consolidated as   IN RE: CONTACT LENS ANTITRUST LITIGATION, Case No. MDL-1030 (M.D. Fla.), a national antitrust conspiracy case which alleged a concerted refusal to deal between contact lens manufacturers and the American Optometric Association resulting in a diminution of the supply of contact lenses to discount retailers.

EXHIBIT A

CO-LEAD COUNSEL:  IN RE: LOUISIANA-PACIFIC INNER SEAL SIDING LITIGATION No. 95-879-JE-LEAD (Dist. OR) The settlement of this case was approved by Federal District Judge Robert E. Jones on April 26, 1996 in Portland, Oregon. This case is a nationwide class action that had alleged defects in Louisiana-Pacific exterior siding.

CO-LEAD COUNSEL: BRUNS V. HUMANA No. 2-95CV144 (E.D. TX) The settlement of this nationwide class action against Humana Insurance Company, alleging that insured co-insurance payments to Humana Insurance Company were calculated incorrectly, was approved by Federal District Judge David Folsom on October 15, 1996 in Marshall, Texas.

CO-LEAD COUNSEL: IN RE: SMITHKLINE LABORATORY TEST BILLING PRACTICES LITIGATION Case No. MDL-1210 This case is currently being litigated in United States District Court for the District of Connecticut and concerns alleged over billing of self insured trusts and individual co-payers.

CO-LEAD COUNSEL DAMON: LABORERS DISTRICT COUNCIL v. DAMON CLINICAL LABORATORIES, INC.  Civil Action No. CV-97-C-629-W – (N.D. ALA) This case was resolved by settlement which resulted in millions of dollars becoming available to claimants throughout the United States for repaying of lab test overcharging.

CO-LEAD COUNSEL LABCORP: LABORERS DISTRICT COUNCIL v. LABCORP CLINICAL LABORATORIES, INC.  Civil Action No. CV-97-C-629-W – (N.D. ALA) This case was resolved by settlement which resulted in millions of dollars becoming available to claimants throughout the United States for repaying of lab test overcharging.

CO-LEAD COUNSEL: [Various clients v. Tenet Healthcare Corporation] Mr. Garvin is co-counsel in this litigation now pending in state court in several states against Tenet Healthcare Corporation. Mr. Garvin represents, together with co-counsel, hundreds of individuals who were allegedly improperly hospitalized in psychiatric facilities in order for Tenet to extract the insurance benefits of these clients.

MEMBER OF THE PLAINTIFFS EXECUTIVE COMMITTEE: IN RE: POLYPROPYLENE CARPET ANTITRUST LITIGATION MDL-1075 (N.D. GA) pending in federal court in Georgia, this case involves a national price fixing conspiracy in the marketing of polypropylene carpet.

MEMBER OF THE PLAINTIFFS EXECUTIVE COMMITTEE: IN RE: EXTERIOR INSULATION FINISH SYSTEMS MDL-1132 (E.D. NC) pending in federal court in North Carolina, this nationwide class action involves allegedly defective EIFS (synthetic stucco) exterior home finish systems.

MEMBER OF THE PLAINTIFFS EXECUTIVE COMMITTEE: IN RE: COLUMBIA/HCA HEALTHCARE CORPORATION BILLING PRACTICES LITIGATION MDL-1227. This case is pending in federal court in Nashville, Tennessee and concerns alleged over billing and unnecessary charges by Columbia/HCA hospitals to self insured trusts and individual co-payers.

CLASS COUNSEL: JAMES PETERS, ET AL. v. AMOCO OIL CO., ET AL. Civil Action No. 96-D-940-N (N.D. AL)  This is a certified nationwide class action now pending in federal court in the Middle District of Alabama against twenty petroleum marketers and distributors on behalf of a class of land owners whose land allegedly has diminished value

EXHIBIT A

based on its proximity to leaking underground petroleum storage tanks owned by one or more of the defendants.


CLASS COUNSEL: <u>CARPENTERS & MILLWRIGHTS v. ECKERD CORPORATION</u> Case No. 5-98CV149 This is a nationwide class action now pending in federal court in the Middle District of Florida. In this case the plaintiffs allege that Eckerd improperly billed for prescription medication that was not provided to class members.

CLASS COUNSEL: <u>BETTNER, ET AL. v. GEORGIA PACIFIC CORPORATION</u>, Civil Action No. CV-05-3330-RGK The settlement of this case was approved by the court in Mobile, Alabama, this is a nationwide class action concerning alleged defects in Georgia Pacific exterior siding.

CLASS COUNSEL: <u>FOSTER v. ABTco, INC., ET AL.</u>, Civil Action No. 96-0069-AH-M (S.D. AL) This nationwide class action was certified in state court in Alabama. The case concerns allegedly defective exterior hardboard siding and is currently pending in state court in Mobile, Alabama.

CLASS COUNSEL: <u>CARPENTERS & MILLWRIGHTS v. WALGREEN</u>. Civil Action No.: H-00-1301. (E.D. TEX) This is a nationwide class action now pending in federal court in Texas. Plaintiffs allege that Walgreen improperly overcharged class members for prescription medication.

CLASS COUNSEL: <u>CARPENTERS & MILLWRIGHTS v. RITE AID</u>. Civil Action No.: 5:99 CV 260. (E.D. TEX.) This is a nationwide class action now pending in federal court in Texas. Plaintiffs allege that Walgreen improperly overcharged class members for prescription medication.

CLASS COUNSEL: <u>NANCIE WILLIAMS v. WEYERHAEUSER</u>. Class Action No.: 995787 (CAL) This is a nationwide class that has recently been resolved which will result in 10's of millions of dollars being refunded to class members for defective exterior siding.

CLASS COUNSEL: <u>HOWARD PADGETT v. AMERICROWN SERVICE CORPORATION</u>. Civil Action No.: CV-96-345. (ALA.) This case price fixing was recently resolved in state court in Alabama which will result in compensation to class members who were overcharged for racing souvenirs.

OF COUNSEL: Mr. Garvin is also Of Counsel to class actions now pending in the Canadian Provinces of British Columbia and Ontario, concerning defective products and consumer law violations.

ADJUNCT FACULTY: Mr. Garvin was appointed to the adjunct faculty at the College of Law at Florida State University in 1996 to teach complex litigation.




EXHIBIT A